IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia B. Scipio, | ) | C/A No. 1:10-2550-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Patricia B. Scipio, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision should be reversed and remanded for further evaluation. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on December 22, 2011. The Commissioner has filed objections to the Report and the plaintiff has replied thereto.

PROCEDURAL HISTORY

The plaintiff alleges disability as of January 21, 2005 based on her limited ability to use the right side of her body, walking difficulties, inability to lift or carry, headaches, and body pains. She was 48 years old at the time of her alleged onset of disability. The plaintiff has a high school education, with past relevant work as an accounting tech.

The plaintiff's application was denied initially and on reconsideration, and the Administrative Law Judge (ALJ) issued an unfavorable decision on July 28, 2009, finding that plaintiff was not disabled.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

evidence which a reasoning mind would accept as sufficient to support

> a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005)

(citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

DISCUSSION

*The ALJ's Findings*

The ALJ found that Plaintiff had severe impairments of depression and residuals of right lower extremity fractures (after being hit by a car while riding her bicycle) and open repair surgery for right rotator cuff tear, but that her impairments did not meet or equal any impairment in the Listings. The ALJ also found that the

plaintiff had the RFC for light work with certain limitations.[2]

*The Plaintiff's Claims*

The plaintiff contends that the ALJ erred by failing to: (1) give appropriate weight to the opinions of the two treating physicians and the two consultative examining physicians, all of whom concluded that plaintiff was unable to work; (2) fully develop the record regarding issues on which he placed great importance; (3) consider whether plaintiff was disabled on her 50th birthday or experienced a closed period of disability following her accident; (4) explain his rationale for his inconsistent findings; and (5) address the effect of plaintiff's decreased grip strength, her medication, and her long work history.

The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.

*The Magistrate Judge's Report and Recommendation*

On issue (4) regarding restriction to light work, the Magistrate Judge opines that the Commissioner's decision should be reversed and remanded because the ALJ does not address (nor does he offer support for) how his this limitation to light work (including standing and/or walking no more than six hours of an eight-hour day) is

---

[2] [S]he is restricted to performance of simple, routine tasks in a supervised environment with no required interaction with the public or "team"-type interaction with co-workers. She should only occasionally stoop, twist, crouch, kneel, crawl, balance, climb, or work overhead with her right dominant arm. She should not be required to use foot pedals or other controls with the right lower extremity and should avoid hazards such as unprotected heights, vibration, and dangerous machinery.

consistent with Dr. Dawson's finding that long walking would cause plaintiff pain.

The Magistrate Judge notes in her Report that Dr. Dawson, one of plaintiff's treating physicians whose opinion the ALJ afforded significant weight, found that plaintiff could be in pain from long walking. Moreover, none of the treating, examining, or consulting physicians found that plaintiff could walk for long periods without significant pain. Thus, the Magistrate Judge recommends reversal so that the ALJ can provide support for his conclusion that light work, with a limit of 6 hours standing/or walking in an eight-hour day is sufficient.

As to the issue of whether plaintiff was disabled as of her 50th birthday, the Magistrate Judge recommends, and this court agrees, that the Commissioner should determine on remand whether the plaintiff was disabled on her 50th birthday. The Magistrate Judge also concludes that the evidence in the record does not indicate that a closed period of disability was appropriate.

As to the other claims of ALJ error with regard to weight of treating physicians, and the effect of plaintiff's grip strength, medication and work history, the Magistrate Judge finds that the ALJ did not err and that the ALJ provided substantial evidence in support of his decision.

Finally, the Magistrate Judge opines that the ALJ was not required to more fully develop the record.

# DISCUSSION

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Commissioner's Objections to the Magistrate Judge's Report*

The Commissioner generally objects to the Magistrate Judge's suggestion of remand because of the Magistrate Judge's finding that the ALJ's RFC assessment is not supported by substantial evidence and free of reversible legal error.

In her reply to the Commissioner's objection, the plaintiff reiterates her claim that she cannot stand for six hours in a workday and that the ALJ must set forth his reasoning for his RFC determination. As the undersigned agrees with the Magistrate Judge's conclusion of remand, the Commissioner's objection is overruled.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner objections thereto, this court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is reversed and remanded to the Commission for further administrative action as set out in this order and the Report and Recommendation.

IT IS SO ORDERED.

March 22, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge